UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kiwanna James,** | ) | **CASE NO. 1:21 CV 191** |
| | ) | |
| Plaintiff, | ) | **JUDGE PAMELA A. BARKER** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Minute Men HR Select/ A&K Sloan,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Kiwanna James filed this employment discrimination action against Minute Men HR Select/A&K Sloan. Plaintiff claims she was injured while performing job duties at a McDonalds franchise. She alleges her physician cleared her for work far too soon after surgery which prevented her injuries from healing properly. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Defendant filed a Motion to Dismiss for Failure to Prosecute (Doc. No. 5), claiming the Plaintiff failed to serve them within 90 days. Plaintiff's *In Forma Pauperis* Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). The screening must occur before process is served, and before process issues may be raised by the Defendant. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir.1997) (articulating how district courts should

1

apply the PLRA) (emphasis added); Local Rule 4.1 (regarding service in actions filed *in forma pauperis*). Because this Court had not yet completed its screening of the Complaint when the Defendant filed their Motion to Dismiss, their arguments regarding the delay in issuing process and effecting service are without merit. *See Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010)(district courts cannot issue summonses in *in forma pauperis* cases until after screening the Complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e)); *Black v. City of St. Marys, Ohio*, No. 3:11 CV 1260, 2011 WL 5966877, at *2-3 (N.D. Ohio Nov. 29, 2011).

**BACKGROUND**

Plaintiff alleges she was working at a McDonalds restaurant in November 2017. She states that Minute Men HR Select is the "legal private insurers of A and K Sloan, owners of McDonalds." (Doc. 1-1 at 1). Plaintiff alleges that she slipped and fell while performing work duties on November 17, 2017, dislocating her ankle and fracturing her ankle and leg. She underwent surgery to repair the ankle on November 20, 2017. During the surgery, Dr. Salpietro used two metal plates and fifteen screws to stabilize the bones and aid in repair.

Plaintiff indicates that two weeks after the surgery, Dr. Salpietro removed the cast and informed her that the hardware in her ankle would provide stability. (Doc. 1-1 at 5). She indicates he also issued a clearance for her to return to work. She states that with this clearance, McDonalds scheduled her to begin work on December 13, 2017. Plaintiff called the number for her employer listed on the clearance and spoke with Katie Sloan. Plaintiff claims Sloan informed her that because the doctor had cleared her to return to work, she would lose her worker's compensation benefits if she did not report for her scheduled time. (Doc. 1-1 at 6). Plaintiff states she was still on crutches and was taking prescription pain

2

medication at that time. She contacted Dr. Salpietro and he rescinded the clearance to return to work. He also issued an order for her to receive physical therapy. (Doc. 1-1 at 6).

Plaintiff met with the therapist in January 2018. She contends the therapist expressed concern that it was too soon for therapy but stated that her job was to get Plaintiff off of the crutches. (Doc. 1-1 at 7). She alleges that in February 2018, Dr. Salpietro called the therapy center and complained to their personnel that they were not doing enough to get Plaintiff off the crutches and the knee scooter. He indicated he wanted her to be out of the boot and walking as soon as possible. (Doc. 1-1 at 7). Plaintiff alleges she was walking without assistance by the end of February 2018. She requested additional therapy sessions, which were approved by Dr. Salpietro and her employer. She states she made another request for additional therapy in March 2018. That request was not approved. She was scheduled to return to work in April 2018. (Doc. 1-1 at 8).

Plaintiff alleges Dr. Salpietro had only one condition for her return to work, specifically that she be provided with a chair so that she could sit as needed and elevate her foot. Plaintiff states that her employer agreed to this accommodation. (Doc. 1-1 at 9). She contends that when she returned to work, she was not assigned to a job taking orders at the drive through. She states she was assigned to the front line. She further alleges the chair she was provided was a narrow stool with no place to elevate her leg. She indicates that her ankle started to swell from being on her feet. She states that Dr. Salpietro told her it was normal for scar tissue to swell, and refused to rescind the return to work clearance. Plaintiff alleges she called McDonalds and spoke to Sarah G who expressed concern that Plaintiff had returned to work so early. She indicates she called a short time later and learned Sarah G. was no longer with the company. (Doc. 1-1 at 10). She states she contacted Minute Men HR

3

and they told her they accommodated to the Bureau of Workers Compensation. Plaintiff contends they did not accommodate her in the manner in which they reported in that they provided her with a stool, not a chair on which to sit, and did not assign her to a job that allowed her sit for the majority of the time. (Doc. 1-1 at 11). She contends she contacted attorneys for assistance in getting the return to work release lifted. Instead, they negotiated settlements that were inadequate to cover continuing medical costs. (Doc. 1-1 at 12). She alleges she eventually had to have the hardware removed from her ankle in November 2018 as it had not been properly placed. (Doc. 1-1 at 13).

Plaintiff does not provide much detail on the legal claim she is attempting to assert. She lists it in only one place – the case caption – where she indicates she is bringing a claim for discrimination under 4112.02. There is no other mention of discrimination, or any other legal claim, in her Complaint.

**STANDARD OF REVIEW**

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564

4

(2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5

The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists her address as Toledo, Ohio. She indicates the Defendant is located in Cleveland, Ohio. She does not provide any other information about her domicile or the domicile of the Defendant. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses"

Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines,* 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. The only cause of action identified in the Complaint is under Ohio Revised Code § 4112.02, which prohibits employment discrimination based on race, color, religion, sex, military status, national origin, disability, age and ancestry. She does not identify a federal cause of action and it is not at all apparent that Plaintiff intended to assert one. Absent a claim based on a federal cause of action, Plaintiff has not established a basis for federal court jurisdiction.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed for lack of subject matter jurisdiction pursuant to 28

U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Defendant's Motion to Dismiss for Failure to Prosecute (Doc. No. 5) is denied.

**IT IS SO ORDERED.**

Date: June 4, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE